# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 18-cv-01897-WJM-NYW**

ADVANCE TRUST & LIFE ESCROW SERVICES, LTA,
as securities intermediary for
LIFE PARTNERS POSITION HOLDER TRUST,
on behalf of itself and all others similarly situated,

    Plaintiff,

v.

SECURITY LIFE OF DENVER INSURANCE COMPANY

    Defendant.

___

## LIMITED SPECIAL APPEARANCE AND MOTION FOR PROTECTIVE ORDER/MOTION TO QUASH PLAINTIFF'S SUBPOENAS TO SCOR GLOBAL LIFE AMERICAS REINSURANCE COMPANY AND TRANSAMERICA LIFE INSURANCE COMPANY
___

SCOR Global Life Americas Reinsurance Company ("SCOR Global") and Transamerica Life Insurance Company ("Transamerica Life") (collectively, "Reinsurers"), by and through their counsel, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby enter a limited special appearance and motion for protective order/motion to quash (collectively, the "Motion") Plaintiff's Subpoenas Duces Tecum ("Subpoenas") dated March 12, 2019. In support of its Motion, SCOR Global and Transamerica Life state the following:

**Certification Pursuant to D.C.Colo.LCivR 7.1**

Defendant Security Life of Denver Insurance Company ("SLD") is unopposed to the relief requested in this Motion.

Undersigned counsel left a voicemail for Plaintiff's counsel with Shoemaker Ghiselli + Schwartz LLC on March 25, 2019. Undersigned counsel then followed up and contacted Plaintiff's counsel with the Susman Godfrey law firm on March 26, 2019. Plaintiff's counsel returned the call and undersigned counsel explained Reinsurers' position. Plaintiff's counsel did not take a position but indicated that they would call undersigned counsel back today to discuss further but at the time of filing this motion undersigned counsel has not received a return call. Undersigned counsel will continue conferral efforts, but given the deadlines under the Federal Rules of Civil Procedure is proceeding with this Motion.

## I. **INTRODUCTION**

For the reasons set forth below, the subpoenas propounded by Plaintiff Advance Trust & Life Escrow Services, LTA ("Advance Trust") to SCOR Global and Transamerica Life, non-parties to this action, should be quashed pursuant to Federal Rule of Civil Procedure 45. The subpoenas subject SCOR Global and Transamerica Life to undue burden; request duplicative information and documents that are in the custody, possession, and control of parties to this litigation; and require disclosure of trade secrets and other confidential research, development, or commercial information.

Further, pursuant to F.R.C.P. 26(c), SCOR Global and Transamerica Life request that a protective order be entered forbidding disclosure or discovery of the information and

documentation sought in the Subpoenas to protect SCOR Global and Transamerica Life from undue burden or expense.

## II.     BACKGROUND

Plaintiff initiated this class action on behalf of owners of life insurance policies issued by SLD. Plaintiff claims that SLD policyholders have paid and are being required to pay "unlawful and excessive cost of insurance ("COI") charges" by SLD. Plaintiff has subpoenaed SCOR Global and Transamerica Life as SLD's reinsurers seeking a voluminous amount of various documents and communications spanning over 17 years. However, SCOR Global and Transamerica Life have no involvement in how SLD determines the cost of insurance rates charged to its customers, which is the subject of this lawsuit.

The subpoenas dated March 12, 2019 to SCOR Global and Transamerica Life request the following:

**Request for Production No. 1:**   All reinsurance agreements, excess retention reinsurance agreements, financial reinsurance agreements, or other similar agreements, including any amendments to those agreements, between You and SLD Concerning the Subject Policies.

**Request for Production No. 2:**   All Documents Concerning mortality data You considered in connection with any actual or proposed reinsurance rate increases affecting the Subject Policies, including, without limitation,

(a) Internal communications regarding such mortality data;

(b) Communications with SLD regarding such mortality data; and

(c) Memoranda, analyses, white papers, charts, presentations, calculations, actuarial work,

3

Communications, or other Documents Concerning whether and how mortality experience or expectations of future mortality experience would affect the reinsurance rate applicable to the Subject Policies.

**Request for Production No. 3:** All Documents Concerning an actual or proposed reinsurance rate increases affecting the Subject Policies, including, without limitation:

(a) Communications with SLD regarding such increases;

(b) Internal Communications Concerning such increases;

(c) Documents Concerning the bases for your decision to increase reinsurance rates affecting the Subject Policies, and

**Request for Production No. 4:** All Communications with SLD Concerning reinsurance that you issued or considered issuing for the Subject Policies.

**Request for Production No. 5:** All Documents Concerning the COI Increase, including, without limitation, (a) Communications between You and SLD concerning the COI Increase and (b) Internal Communications Concerning the COI Increase.

*See* Subpoenas, attached as **Exhibit A**.

As especially pertinent here, the term "Communication" is very broadly defined in the Subpoenas to mean "transmittal of information (in the form of facts, ideas, inquiries or otherwise)." The term "Document" is also broadly defined as "synonymous in meaning and equal in scope to the usage of the term 'documents or electronically stored information' in Fed. R. Civ. P. 34(a)(1)(A)…." Further, "ESI" is defined to mean and refer to:

all electronically stored information, including all writings,

4

> drawings, graphs, charts, photographs, sound recordings, images, email, source code, software, databases, phone messages and records, operating systems and software applications, backup tapes, metadata, voicemail messages, text messages, instant messages, and other data or data compilations stored in any medium from which information can be obtained. Any request herein for any Document or all Documents includes and requires production of ESI.

For the reasons set forth in further detail below, the Subpoenas should be quashed and a protective order entered on behalf of SCOR Global and Transamerica Life because the requests would cause undue burden for these non-parties and require the disclosure of confidential materials.

Finally, pursuant to Fed. R.Civ. P. 45(d)(2)(B), SCOR Global and Transamerica Life assert their Objections to each of the foregoing five requests for production. *See* **Exhibits B and C**.

## III. ARGUMENT

### A. Legal Standard of Review

Regarding the permissible scope of discovery, "[t]he applicable test is whether the evidence sought is relevant to any party's claim or defense, and proportional to the needs of the case." *Charles Schwab & Co. v. Highwater Wealth Mgmt., LLC*, Civil Action No. 17-cv-00803-CMA-NYW, 2017 U.S. Dist. LEXIS 158175, *8 (D. Colo. Sept. 27, 2017). Subpoenas served on non-parties are considered discovery under the Federal Rules of Civil Procedure. *Id.* (citing *Rice v. U.S.*, 164 F.R.D. 556, 556–57 (N.D. Okla. 1995)). "Accordingly, a subpoena is bounded by the same standards that govern discovery between the parties – to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses, and are proportional to the needs of the case." *Id.* at *9 (citing Fed. R. Civ. P. 26(b)(1)).

5

Federal Rule of Civil Procedure 45 provides four instances where the quashing or modifying of a subpoena is required, two of which are applicable to the instant scenario. Specifically, Rule 45(d)(3)(A) requires the court to quash or modify a subpoena that: "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." If the court finds that either of these elements is established, then a quashing or modifying of the Subpoena is required. Fed. R.Civ. P. 45(d)(3)(A).

In addition, the court may, on motion, quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R.Civ. P. 45(d)(3)(B)(i).

Further, Rule 45(d)(2)(B) provides that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested."

"The court may also consider the fact that the discovery sought is directed at a nonparty, and in such a case, the ordinary burden imposed under Rule 26 is generally greater." *Charles Schwab & Co.*, 2017 U.S. Dist. LEXIS 158175, *8 (citing *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998)).

Finally, Rule 26(c) states in pertinent part that

> "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or

6

person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

The court may forbid the disclosure or discovery under Rule 26(c)(1)(A) accordingly.

## B. The Court Should Quash the Subpoenas Because the Subpoenas Subject Reinsurers to Undue Burden.

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is subject to the same standards that govern discovery between the parties — it must seek relevant information and be proportional to the needs of the case. *See Segura v. Allstate Fire & Cas. Ins. Co.*, No. 16–cv–00047–NYW, 2016 WL 8737864, at *5 (D. Colo. Oct. 11, 2016) (citing *Rice v. United States*, 164 F.R.D. 556, 556–57 (N.D. Okla. 1995)). Subpoenas that would create a substantial burden for a non-party are properly quashed. *See Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 114-15 (D. Conn. 2005) (granting motion to quash subpoena that would have required non-party to review documents associated with 1000 insurance policies stored across the country in multiple offices and off-site facilities).

Undue burden can be found when subpoenas are facially overbroad. Factors to be considered in regard to whether an undue burden is created are "relevance, the need of the party for documents, the breadth of the document request, the time period covered by it, the particularity with which documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *United States v. International Business Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Further, "the status of a witness as a non-party to the underlying litigation "entitles [the witness] to consideration regarding expense

and inconvenience.'" *Id.* (quoting Fed. R. Civ. P. 45(c)(2)(B)) (modification in original). Here, non-party Reinsurers would be greatly inconvenienced and incur abundant expenses if forced to comply with the Subpoenas.

Here, the Subpoenas request Communications ("transmittal of information (in the form of facts, ideas, inquiries or otherwise") and Documents, including all electronically stored information but specifically all writings, drawings, graphs, charts, photographs, sound recordings, images, email, source code, software, databases, phone messages and records, operating systems and software applications, backup tapes, metadata, voicemail messages, text messages, instant messages, and other data or data compilations stored in any medium from which information can be obtained for a period of **more than 17 years**. This causes undue burden for SCOR Global and Transamerica Life. *See* Affidavit, attached as **Exhibit D**.

The process of drafting a reinsurance treaty between SCOR and an insurance company is a highly individualized process. A single reinsurance treaty may cover thousands of individual insurance policies issued by an insurance company, SCOR's client. *See* Exhibit D. Plaintiff does not identify policy listings by policy number in the Subpoenas, which makes responding to the Subpoenas extremely onerous. SCOR's primary frame of reference for searching documents is provided by the reinsurance contracts which are not identified in the Subpoenas. *See* Exhibit D.

SCOR's electronic databases allow for keyboard searches of the company's electronic documents. Identifying potentially responsive documents from a search query on this system would be labor intensive, as SCOR would be required to personally review all of the search term hits. This would include millions of searchable documents over a period of time spanning two

decades. *See* Exhibit D.

SCOR has approximately 47 SLD treaties with 23,602 policies as of January 2019. *See* Exhibit D. There are 12 SLD treaties that contain the Strategic Accumulator Universal Life and Life Design Guarantee Universal Life products with approximately 4,790 total policies on those treaties. *Id*. However, SCOR would have to investigate which of those treaties include which products. *Id*.

The definition of "SLD" in the Subpoenas is "Security Life of Denver Insurance Company, its parents, agents and/or employees, persons acting on their behalf; and, the predecessors and successors in interest of each of the foregoing described entities and persons." This term potentially also encompasses affiliates of SLD and even further extends the extensively overly broad nature of the Subpoenas' requests. *See* Exhibit D.

In addition, the electronic and physical records that would need to be searched to respond to the requests in the Subpoena may be stored in various locations across several states. Numerous of the prior hardcopy files may have been shipped to off-site storage locations. In addition, the availability of electronic data for searches specific to an employee or former employee varies depending on the custodian, his/her location, and whether he/she is still employed by SCOR. This collection of responsive materials would be a highly individualized process that would be time-consuming. *See* Exhibit D.

A large majority of the documents requested would not be relevant. SCOR has no involvement in how insurance companies, such as SLD, determine the cost of insurance rates charged to their customers. *See* Exhibit D. SCOR's reinsurance rates are typically negotiated as a

percentage of a standardized reinsurance rate table to an agreed upon formula. Further investigation would be necessary to determine how the reinsurance rates were determined here. *See* Exhibit D.

In addition, the Subpoenas' requests do not include any temporal limitations. In *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005), the Court granted a motion to quash the subpoena of a non-party witness because plaintiffs' request for documentation related to a 10-year period. The court found that the subpoena was overly broad on its face and unduly burdensome to the non-party witness. *Id.* Here, the dates implicated by the Subpoenas span a 17-year time period and should be found overly broad on their face.

Further, the Subpoenas request communications involving Reinsurers. In *United States Fire Ins. Co. v. City of Warren*, 2012 WL 1454008 (E.D. Mich. 2012), a city sued several of its insurers regarding the reimbursement for costs expended in the defense of a class action suit. The court concluded that communications made between the insurers and their reinsurers were not discoverable in an action to determine what coverage was provided by the underlying policies. *Id.* at *31; *see* David J. Marchitelli, J.D., Annotation, *Discoverability of Communications Between Insurer and Reinsurer*, 104 A.L.R.6th 207, *2. Further, the court explained that reinsurance involves a business decision to spread risks undertaken by an insurer, and is not a legal determination regarding the interpretation of a policy or of the coverage provided thereunder. 2012 WL 1454008. The court explained that reinsurance reflects an undisclosed unilateral intention at best and as such was irrelevant to determining the intentions of the parties to the underlying insurance contract. *Id*. The court found that the reinsurance agreements were discoverable but

10

denied the insured's motion to compel production of the information, maintaining that all other reinsurance information was not discoverable even if it was found that the underlying policy was ambiguous. *Id*.

As was the case in *City of Warren*, the documents being sought here create an undue burden and implicate communications and other documents that are not discoverable. Further, the Subpoenas seek irrelevant information and information not proportional to the needs of the case.

Specifically, Requests Nos. 1 to 5 are overly broad on their face because they do not contain any temporal limitations. In addition, the majority of information from these requests would be irrelevant. *See Charles Schwab & Co.*, 2017 U.S. Dist. LEXIS 158175, *14 (citing *EEOC v. Unit Drilling Co.*, No. 13-cv-147-TCK-PJC, 2014 WL 130551, at *3–4 (N.D. Okla. Jan. 13, 2014)) (quashing overly broad requests that sought "any and all documents" concerning a wide swath of personal information).

Request No. 1 seeks "**All**" reinsurance agreements, excess retention agreements, financial reinsurance agreements or "other similar agreements" including any attachments with SLD. (*Emphasis added*). There is no time limitation on this request and these agreements date back more than 17 years. Further, the majority of these agreements are irrelevant.

Request No. 2 requests "**All** Documents Concerning mortality data" and again does not provide any temporal limitation. (*Emphasis added*).

Request No. 3 requests "**All** Documents" concerning any actual or proposed reinsurance rate increases affecting policies ever issued to SLD in the Reinsurers' history without any temporal limitation. (*Emphasis added*). The majority of the documents requested would be irrelevant.

11

Request No. 4 requests "**All** Communications with SLD Concerning reinsurance" without any time limitations. (*Emphasis added*). The majority of these documents would be irrelevant. There is again no temporal limitation and the documents requested would largely be irrelevant.

Finally, Request No. 5 requests "**All** Documents Concerning the COI Increase" which is defined as the "cost of insurance rate increase on certain SLD policies." (*Emphasis added*). There is again no temporal limitation provided and the documents requested would largely be irrelevant to the finite issues of concern in this action.

As such, Requests 1-5 create an undue burden and implicate communications and other documents that are not discoverable. Further, the Subpoenas seek irrelevant information and information not proportional to the needs of the case. The Subpoenas should be quashed for these reasons. *See White v. Deere & Co.*, No. 13-cv-02173-PAB-NYW, 2015 WL 1385210, at *9 (D. Colo. Mar. 23, 2015) ("Discovery into matters not relevant to the case imposes a *per se* undue burden.").

In conclusion, Reinsurers request that the Subpoenas be quashed as they would cause undue burden.

### C. Any Discoverable and Available Information and Documentation Sought in the Subpoenas Should be Sought from Defendant SLD, not Reinsurers.

Fed. R.Civ. P. 26(b)(2)(C) also requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the party seeking discovery

has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Requesting a non-party to produce documents that are, or reasonably should be, already in the custody, possession, and control of parties to a litigation is duplicative, unduly burdensome, and unnecessary. Plaintiff improperly seeks information from non-party Reinsurers that should be sought solely from the named Defendant in this matter. *See, e.g.*, *Nachurs Alpine Solutions, Corp. v. Nutra-Flo Co.*, 2017 WL 1380460, at *5 (N.D. Iowa Apr. 17, 2017) ("[I]n the absence of extenuating circumstances, documents discoverable from both a nonparty and a party must be obtained from a party."); *Kitchens v. Tordsen*, 2015 WL 1011711, at *2 (E.D. Cal. Mar. 5. 2015) ("The Court will only consider issuing a subpoena if the documents sought from the non-party are not otherwise available to Plaintiff and cannot be obtained from Defendant through a request for production."); *Amini Innovation Corp. v. McFerran Home Furnishings*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party."); *ABC, Inc. v. Aereo, Inc.*, 2013 WL 5276124, at *6 (N.D. Iowa Sept. 17, 2013) (finding that relevancy was outweighed by burden on non-party where other party "has equal access to those documents"); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena."); *Cantrell v. U.S. Bioservices Corp.*, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (finding non-party subpoena unduly burdensome in part because documents could be first sought from party defendants).

Plaintiff's Subpoenas and the Requests contained therein seek information and documents which by their very definition would also be in the custody of the Party-Defendant, to the extent they exist. For example, the Subpoenas request communications between Reinsurers and SLD. Because Plaintiff's Subpoenas improperly seek discovery from non-parties that would be readily available from the Party-Defendants, they are unduly burdensome to Reinsurers. For these reasons, the Subpoenas, must be quashed to eliminate these unduly burdensome and improper requests.

According to Rule 45, a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Further, "[t]he Court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." *Id*. In conclusion, Reinsurers request that the Subpoenas be quashed because the information and documents sought can be recovered from the named Defendant in this action, SLD.

### D. The Court Should Quash the Subpoenas Because They Require Disclosing Trade Secrets and other Confidential Research, Development, or Commercial Information.

Requests No. 1 through 5 also implicate trade secrets, confidential research, development or commercial information that should not be discoverable. The Requests to SCOR Global and Transamerica Life are not limited to rate increases over a certain time period which is the subject of the suit, but instead request all communications for over a 17-year period with SLD. SLD's internal communications regarding mortality data include trade secrets, confidential research,

development, and commercial information. Therefore, the subpoenas should also be quashed on this basis.

### E. A Protective Order Should be Entered Protecting SCOR Global and Transamerica Life from Undue Burden.

A non-party may seek from the court protection from discovery based upon the "overlapping and interrelated provisions" of Rules 26 and 45. *In re Fosamax Prod. Liab. Litig.*, No. 1:06-MD-1789, 2009 WL 2395899, at *2 (S.D.N.Y. Aug. 4, 2009). Generally, a person from whom discovery is sought may move for a protective order. The court where an action is pending may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Here, as set forth above, the Subpoenas would cause Reinsurers undue burden and expense. Therefore, the Reinsurers request that a protective order be entered to protect them from such undue burden and expense.

## IV.   CONCLUSION

Plaintiff's Subpoenas to SCOR Global and Transamerica Life should be quashed in their entirety. The Subpoenas are unduly burdensome and would require disclosing trade secrets and other confidential research, development, or commercial information. The document production sought by Plaintiff's Subpoenas is overly broad, as the information requested is not proportional to the needs of the case or relevant to the underlying litigation. Further, a protective order should be issued to guard against the release of such information. In conclusion, Reinsurers respectfully request that their Motion be granted and that the subpoenas be quashed and a protective order entered.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
*/s/ Jessica Collier*
Jessica Collier
Sarah Andrzejczak
Phone:   303.572.5300
Fax:     303.572.5301
Email: Jessica.collier@wilsonelser.com
Sarah.Andrzejczak@wilsonelser.com
*Attorneys for SCOR Global and Transamerica Life*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019 I filed a true and correct copy of the foregoing **LIMITED SPECIAL APPEARANCE AND MOTION TO QUASH PLAINTIFF'S SUBPOENAS TO SCOR GLOBAL LIFE AMERICAS REINSURANCE COMPANY AND TRANSAMERICA LIFE INSURANCE COMPANY** with the Clerk of Court using the CM/ECF system, which provided electronic notification of the filing via e-mail to the following counsel of record:

Seth Ard
Ryan C. Kirkpatrick
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: 212-336-8330
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com

Paul H. Schwartz
Jonathan A. Helfgott
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
Tel: 303-530-3452
pschwartz@sgslitigation.com

Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: 310-789-3100
ssklaver@susinangodfrey.com

Edgar Sargent
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: 206-516-3 880
esargent@susmangodfrey.com

Scott J. Fulford
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: 713.653.7860
sfulford@susmangodfrey.com
*Attorneys for Plaintiff*

Kathryn A. Reilly
Cedric D. Logan
Chuan "CiCi" Cheng
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Tel.:   303.244.1800
Facsimile:   303.244.1879
reilly@wtotrial.com
logan@wtotrial.com
chent@wtotrial.com
*Attorneys for Defendant Security Life of Denver*

Clark C. Johnson
Michael T. Leigh
Kaplan Johnson Abate & Bird LLP
710 West Main Street
Louisville, KY 40202
Tel.: 502.416.1630
cjohnson@kaplanjohnsonlaw.com
mleigh@kaplanjohnsonlaw.com
*Attorneys for Defendant Security Life of Denver*

             */s/ Jessica Collier*
             Jessica Collier